**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EDITH LYNNE GOODWIN,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

Case No:  26-
Hon.

_____/

DEREK J. BRACKON (P61690)
MICHIGAN AUTO LAW, PC
Attorney for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI  48334
(248) 353-7575; Fax (248) 254-8087
dbrackon@michiganautolaw.com
aroot@michiganautolaw.com

_____/

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction
or occurrence alleged in the complaint.

_____/S/ Derek J. Brackon_____
Derek J. Brackon (P61690)

NOW COMES the above-named Plaintiff, EDITH LYNNE GOODWIN (hereinafter referred to as "GOODWIN"), by and through her attorneys, MICHIGAN AUTO LAW, P.C., and says:

1.    This action is brought under the Federal Tort Claims Act, 28 USC 1346 (b), 2671-2680 and 28 USC section 1331.

2. That the Plaintiff, EDITH LYNNE GOODWIN, at all times material hereto, was a resident of the United States of America.

3. That Plaintiff filed an administrative claim with the U.S. Postal Service on or about April 11, 2025, by 28 USC section 2675(a), and the same was evaluated and responded to, but this matter was not amicably resolved.

4. That this Court has jurisdiction over claims brought pursuant to the Federal Tort Claims Act, 28 USC 1346 (b), 2671-2680 and 28 USC section 1331.

5. That Plaintiff's damages exceed $75,000.00.

6. Venue is proper under 28 USC section 1402(b) because the motor vehicle accident, which is the subject of this complaint, occurred in this judicial district.

## COUNT I: CLAIM FOR RELIEF

7. That on or about March 11, 2025, at or about 6:30 P.M., the Plaintiff, EDITH LYNNE GOODWIN, was lawfully driving a 2007 Chevrolet Malibu, westbound on East 7 Mile Road, at or near the intersection of Caldwell Street, in the City of Detroit, County of Wayne, and State of Michigan.

8. That at the aforementioned time and place, a 2024 International HV613 vehicle owned and/or leased for a period of more than 30 days by the Defendant, UNITED STATES OF AMERICA (hereinafter referred to as "USA"), doing business as the United States Postal Service (hereinafter "USPS"), VIN 3HSESTZRXRN039418, was being operated by BRUCE ALLEN LOCKLEAR, with

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248)

2

the express and implied consent and knowledge of the Defendant, USA, and that BRUCE ALLEN LOCKLEAR was in the course and scope of his employment with USA, said company being liable under the doctrine of Respondeat Superior and the Owner's Liability Act.

9.    At that time and place, the BRUCE ALLEN LOCKLEAR, owed the Plaintiff, and the public the duty to obey and drive in conformity with the duties embodied in the Common Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the City of Detroit.

10.    That BRUCE ALLEN LOCKLEAR did then and there display negligence and misconduct by failing to yield the right-of-way, improperly entering and crossing Plaintiff's lane of travel, and failing to operate his vehicle in a careful and prudent manner, thereby causing a collision with Plaintiff's vehicle, which was traveling with the legal right-of-way.

11.    That at the said time and place, BRUCE ALLEN LOCKLEAR, acting within the course and scope of his employment with the USA and the USPS, was guilty of negligence and misconduct as follows:

A.    In failing to yield the right of way;

B.    In driving in such a manner as to be unable to stop without causing a collision with a vehicle travelling with the legal right-of-way;

3

C.      In failing to keep a reasonable lookout for other persons and vehicles using said highway;

D.      In improperly backing out onto the roadway ;

E.      In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time;

F.      In failing to drive with due care and caution;

G.      In failing to take all possible precautions to avoid any collision with other motor vehicles; and

H.      In failing to make and/or renew observations of the conditions of traffic on the highway.

12.     That BRUCE ALLEN LOCKLEAR was further negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the City of Detroit.

13.     That among those Michigan statutes BRUCE ALLEN LOCKLEAR and Defendant USA violated include:

| M.C.L. | 257.401 | Owner liability; |
|--------|---------|------------------|
| M.C.L. | 257.601(d) | Moving Violation Causing Serious Impairment; |
| M.C.L. | 257.602(b) | Reading, typing or sending text message; |
| M.C.L. | 257.626 | Reckless driving; |
| M.C.L. | 257.626(b) | Careless or negligent driving; |

4

| | | |
|---|---|---|
| M.C.L. | 257.652 | Stopping before entering highway from alley or private driveway; |
| M.C.L. | 257.676b | Interference with flow of traffic; |
| M.C.L. | 257.677 | View or control of driver; |
| M.C.L. | 257.683 | Unlawful to drive or, as owner, permit to be driven or moved unsafe vehicle; |
| M.C.L. | 257.684 | Head lights; |
| M.C.L. | 257.700 | Use of head lights; |
| M.C.L. | 257.705 | Brakes; |
| M.C.L. | 257.706 | Horns and warning devices; |
| M.C.L. | 257.709 | Unobstructed windshield and windows; |
| M.C.L. | 691.1405 | Government owned vehicles; liability for negligent operation; |

14. In addition, the Defendant, USA, and BRUCE ALLEN LOCKLEAR, violated the Federal Tort Claims Act, 28 USC 1346 (b), 2671-2680 and 28 USC section 1331.

15. That BRUCE ALLEN LOCKLEAR and Defendant USA's negligence was the proximate cause of Plaintiff, EDITH LYNNE GOODWIN, being seriously injured, suffering a serious impairment of body function and/or permanent serious disfigurement, including injuries to the shoulder and left foot requiring multiple surgeries, plus other injuries to the head, shoulders, foot, neck, lower back, right hand, right wrist, left leg, chest, and eyes, and to other parts of their body, externally and internally, and some or all of which interferes with her enjoyment of life and

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248)

experiencing great pain and suffering.

16.     That as a proximate result of said injuries, the Plaintiff, EDITH LYNNE GOODWIN, suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with her enjoyment of life and may require psychiatric treatment, and more generally became sick and disabled, and some or all of said injuries, as set forth herein, may be permanent in nature.

17.     That should it be determined at the time of trial that the said Plaintiff, EDITH LYNNE GOODWIN, was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the negligence of Defendant and/or BRUCE ALLEN LOCKLEAR precipitated, exacerbated and aggravated any such pre-existing conditions.

WHEREFORE, the Plaintiff, EDITH LYNNE GOODWIN, now claims judgment for whatever amount she is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT II: EXCESS ECONOMIC LOSSES

NOW COMES the Plaintiff, EDITH LYNNE GOODWIN, and adds a Count II as follows:

18.     Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-17.

6

19.    Plaintiff hereby claims damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations plus all other economic damages allowable under the Michigan No-Fault Law.

20.    Plaintiff hereby claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed in Count I.

WHEREFORE, the Plaintiff, EDITH LYNNE GOODWIN, now claims judgment for whatever amount she is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

Respectfully Submitted,

MICHIGAN AUTO LAW, P.C.

/S/ Derek J. Brackon_____
DEREK J. BRACKON (P61690)
Attorney for Plaintiff

Dated: April 13, 2026

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248)